## No. 4496.

### MRS. ANNIE CASTELL VS. THOMAS J. CASTELL, HER HUSBAND.

The objection to the joinder of issue by the default cannot avail the defendant. It is true there was no citation, but defendant appeared by his attorney and accepted service and waived citation. The written waiver was at the foot of the petition, and, although not dated, it will be presumed that it occurred when the petition was filed, which was ten days before default was entered.

The objection as to the testimony cannot be considered, because no bill of exceptions was taken, although defendant appeared by counsel to accept service and waive citation. By this appearance by counsel and by the legal joinder of issue by a default, the defendant was legally present at the time of the trial, and it was his duty to present his objections to the testimony, if he had any, by a bill of exceptions, in order that the same might be considered by this court.

APPEAL from the Fourth District Court, parish of Orleans. *Bonner*, J. *J. Q. A. Fellows*, for plaintiff and appellee. *W. B. Lancaster*, for defendant and appellant.

WYLY, J. The plaintiff, who was married to the defendant in 1866, now sues him for a separation and divorce and to be decreed to have the care and custody of their minor child, Ella Castell, who was born in January, 1868.

The grounds for divorce are: That notwithstanding the petitioner has always conducted herself toward her husband with humility, obedience, and affection, he has uniformly treated her with neglect and contumely, failing to supply her with means necessary for her support or the support of their child; that he has on one or two occasions, in the presence of strangers, abused, vilified, and struck her, and that he has, for three years or more, been addicted to the use of intoxicating liquors, making his home a pandemonium and those dependent on him miserable and unhappy.

The evidence in the record fully sustains the charges made in the

petition and the decision of the judge *a quo* in favor of plaintiff. "Married persons may reciprocally claim a divorce on account of excesses, habitual intemperance, cruel treatment, and any such misconduct repugnant to the marriage covenant as permanently destroys the happiness of the petitioner, or of outrages of one of them toward the other, if such outrages or ill-treatment be of such a nature as to render their living together insupportable." See act No. 76 of the acts of 1870, amending article 138 of the Revised Code.

We think the case presented by the record comes clearly within the provision of the law, and plaintiff is entitled to the relief she asks.

The objection to the joinder of issue by the default cannot avail the defendant. It is true there was no citation, but defendant appeared by his attorney and accepted service and waived citation. The written waiver was at the foot of the petition, and, although not dated, we will presume it occurred when the petition was filed, which was ten days before default was entered.

The objection as to the testimony cannot be considered, because no bill of exceptions was taken, although defendant appeared by counsel to accept service and waive citation. By this appearance by counsel and by the legal joinder of issue by a default the defendant was legally present, though physically absent, at the time of the trial, and it was his duty to present his objections to the testimony, if he had any, by a bill of exceptions, in order that the same might be considered by this court.

Judgment affirmed.

Rehearing refused.